IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL V. LEVELS, SR.,

       Plaintiff,               No. CIV S-06-2535 LKK DAD PS

   vs.

APPLE COMPUTERS, INC.,        <u>ORDER</u>

       Defendant.

_____/

      This proceeding was referred to the undersigned by Local Rule 72-302(c)(21). Plaintiff's pro se complaint alleges claims of employment discrimination under Title VII of the Civil Rights Act of 1964 as well as under the Americans with Disabilities Act of 1990. Plaintiff claims that he "was stereotyped, harangued with verbal abuse and racial slurs, racially profiled, assaulted and harassed and discriminated against based on his race, color, sex and disability" by defendant's employees.

      Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court finds that the application form filed on November 14, 2006, is incomplete and undated. The application will be denied without prejudice, and plaintiff will be granted twenty days to file a properly completed application on the form provided with this order. Plaintiff must answer all questions on the form and must sign and date the completed form.

1

The court's records reveal that plaintiff previously filed an action against the same defendant alleging the same claim.[1]  In Earl V. Levels, Sr. v. Apple Computer Inc. & Department of Fair Housing and Employment, case No. CIV S-02-1569 FCD JFM PS, filed July 3, 2002, plaintiff was granted leave to proceed in forma pauperis.  The court found that the complaint in that case was vague and conclusory, did not contain a short and plain statement of claims, and did not allege with particularity overt acts which defendants engaged in that supported his claims.  Plaintiff's complaint was dismissed with leave to amend.  Plaintiff's first amended complaint and second amended complaint were also dismissed with leave to amend.  On March 11, 2003, plaintiff filed a notice of dismissal of the action without prejudice, and the case was closed on that date.  Several months later, plaintiff filed a third amended complaint and a request for appointment of counsel.  Both documents were disregarded because they were improperly filed in a closed case.  Plaintiff's untimely appeal from the district court's termination of the case at plaintiff's own request was dismissed on December 24, 2003.

Plaintiff is advised of the following provision applicable to a plaintiff who dismisses an action and later commences another action on the same claim:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d).  If plaintiff proceeds with this action by filing a properly completed in forma pauperis application, the court will determine whether it is appropriate to order plaintiff to pay the $150.00 filing fee for the previous action and whether to stay this new action until plaintiff has paid that amount.

/////

---

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    Plaintiff is also informed that the court finds the complaint in this new action
2   vague and conclusory.  The pleading contains no information about the starting and ending dates
3   of plaintiff's employment with defendant Apple Computer, Inc., the dates and details of the
4   alleged discriminatory events, and the dates and other details of plaintiff's exhaustion of
5   administrative remedies.  At the present time, plaintiff's allegations fail to state a Title VII claim.
6   With regard to his ADA claim, plaintiff has not identified his disabilities, has not described the
7   reasonable accommodation he requested or the details of when and how he made the request, and
8   has not set forth defendant's response to his request.  Plaintiff alleges facts that have no apparent
9   relevance to claims brought pursuant to Title VII or the ADA.  The court is unable to determine,
10  however, whether plaintiff seeks relief under other federal statutes.  At the present, plaintiff's
11  complaint fails to state a claim upon which relief may be granted.  After the court resolves filing
12  fee issues, the complaint in this case will be dismissed with leave to amend.

13   Plaintiff has recently requested appointment of counsel.  Three factors are relevant
14  to the determination of whether counsel should be appointed to represent a plaintiff in an
15  employment discrimination case such as this one:  (1) plaintiff's financial resources, (2) the
16  efforts already made by plaintiff to secure counsel, and (3) whether plaintiff's claims have merit.
17  Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).  Appointment
18  of counsel is not a matter of right.  Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir. 1982).

19   In this case, plaintiff has not yet filed a properly completed application to proceed
20  in forma pauperis.  Accordingly, he has not made an adequate showing of indigency.  The second
21  factor noted above has not been satisfied because plaintiff's request does not demonstrate that he
22  has made any effort to secure counsel.  As to the third factor, while the court has not prejudged
23  the matter, it is unconvinced at this stage of the proceedings that plaintiff's claims have merit
24  such that counsel should be appointed.  Plaintiff has offered no argument in this regard.  For
25  these reasons, plaintiff's request for appointment of counsel will be denied.
26  /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 14, 2006 application to proceed in forma pauperis is denied without prejudice.

2. The Clerk of the Court is directed to send plaintiff a form Application to Proceed In Forma Pauperis;

3. Plaintiff shall submit, within twenty days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order; failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice; and

4. Plaintiff's February 20, 2007 request for appointment of counsel is denied.

DATED: February 23, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\levels2535.ifpden

4